**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Samuel T. GREEN, Defendant—
Appellant.**

No. 03–50080.
D.C. No. CR–01–00961–DT–4.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 11, 2004.*

Decided May 14, 2004.

Ronald L. Cheng, Mark A. Young, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Oakland, CA, for Defendant–Appellant.

Samuel T. Green, Los Angeles, CA, pro se.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,** Chief District Judge.

## MEMORANDUM***

Samuel T. Green appeals his conviction for conspiracy to distribute cocaine and

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

possession with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1); distribution of and possession with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and use or carrying and possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). We affirm.

## I

■ The district court did not abuse its discretion in admitting evidence about the shooting of Norvin Dizadare. It was charged conduct, and was in furtherance of the conspiracy. Testimony showed that co-conspirators agreed that snitches, specifically Dizadare, should be killed in order to protect the organization. *See, e.g., United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir.1987). In these circumstances, the probative value of such evidence in proving the conspiracy and demonstrating the methods that the organization used outweighed any prejudicial effect on Green. *United States v. Baker*, 10 F.3d 1374, 1413 (9th Cir.1993), *overruled on other grounds by United States v. Norby*, 225 F.3d 1053, 1059 (9th Cir.2000).

## II

■ Refusing to sever Green's case was also within the court's discretion for essentially the same reason. As Green was charged with being a member of a drug conspiracy, the other defendants' acts in furtherance of that conspiracy, including violent acts, were relevant to Green and each of the other defendants. *Patterson*, 819 F.2d at 1505. The jury had no difficulty compartmentalizing the evidence: it acquitted or hung on all charges against Tyson Jamar and acquitted Stephen Faulkner. *United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir.1987). Finally, the district court properly instructed the jury to consider the counts and evidence on an individual basis, and not to consider a co-conspirator's acts or statements against any particular defendant unless that defendant was a member of the conspiracy and the co-conspirator's acts or statements were made in furtherance of the conspiracy. *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir.1980) ("[O]ur court assumes that the jury listened to and followed the [district court's] instructions."). Therefore, Green failed to meet his burden of showing clear, manifest, or undue prejudice from the joint trial. *Id.* at 1201–02.

## III

■ Special Agent Johnson satisfied the Rule 702 reliability requirement by establishing his general qualifications and explaining his methodology in reaching his conclusions. *United States v. Hermanek*, 289 F.3d 1076, 1095–96 (9th Cir.2002), *cert. denied*, 537 U.S. 1223, 123 S.Ct. 1336, 154 L.Ed.2d 1081 (2003). Johnson had also debriefed Mitchell, reviewed the organization's ledgers, and was percipient to telephone exchanges. Therefore, foundation was not lacking and the district court did not plainly err by failing to consider whether Johnson's opinion testimony exceeded the scope of Rule 702. Neither was Rule 704(b) offended because Johnson never testified about what Green thought or what his mental state was. *United States v. Gonzales*, 307 F.3d 906, 911 (9th Cir.2002). Johnson's testimony on the meaning of the code words used between Green and Corey Mitchell left to the jury the task of determining whether the decoded words demonstrated the necessary criminal intent. *United States v. Plunk*, 153 F.3d 1011, 1018 (9th Cir.), *amended by* 161 F.3d 1195 (9th Cir.1998).

AFFIRMED.